## MOLLOHON MFG. CO. v. UNITED STATES.

### No. F–325.

Court of Claims.
Nov. 5, 1934.

**DALTON & BALCH, Inc., v. UNITED STATES.**

No. K–372.

Court of Claims.

Nov. 5, 1934.

Geo. E. H. Goodner, of Washington, D. C., for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, & WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover alleged overpayments of income and profits taxes. It is claimed that the overpayments arose by reason of the Commissioner having fixed the amount of depreciation on plaintiff's cotton mill at too large a sum, which reduced the amount of invested capital and increased the taxes which plaintiff paid and now seeks to have refunded.

It will be observed that the only question is one of fact and that the burden of proof is upon plaintiff to show that the Commissioner fixed a greater amount of depreciation on the mill than was justified under the law and the evidence.

The Commissioner of this court who heard the testimony found, in substance, that the depreciation fixed by the Commissioner of Internal Revenue was not excessive and that the evidence was insufficient to show that he committed error in reducing plaintiff's surplus in accordance therewith. After a careful review of the evidence, we are in entire accord with the findings made by our Commissioner and have adopted them. It is urged on behalf of the plaintiff that these findings are contrary to the book entries and to the testimony of plaintiff's superintendent and bookkeeper, but they are in accord with the testimony given by defendant's expert witnesses; and, as we have recently held, the defendant is not concluded by the book entries. It would serve no useful purpose to review the testimony and repeat some of the fundamental rules of evidence with reference to book entries and the testimony of expert witnesses. Upon a consideration of all the evidence we find no sufficient proof that the Commissioner of Internal Revenue erred.

Our conclusion is that plaintiff's petition must be dismissed, and it is so ordered.